E-FILED
Tuesday, 02 February, 2016   04:14:24 PM
Clerk, U.S. District Court, ILCD

FILED
FEB 0 2 2016
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LISA R. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 16-4025 |
| ) | |
| CITY OF GALESBURG, ILLINOIS, a ) | |
| municipal corporation; and DAVID W. JONES, ) | |
| Human Resource and Risk Management, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, LISA R. WILSON, by and through her attorney, DONALD R. JACKSON, and for her Complaint, states as follows:

### JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1981 and § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343.

2. Under 28 U.S.C. 1391(c) venue is properly laid in this court.

3. This is a civil action seeking damages for defendants' actions and omissions, under color of law, which, because of plaintiff's race, operated to deprive plaintiff of rights secured to her under the constitution and laws of the United States.

4. Plaintiff is a citizen of the United States and the State of Illinois. At all times material herein, plaintiff has resided in the Central District of Illinois. She presently resides at 2762 Springer Road, Apt. 10, Galesburg, Illinois 61401.

5. Defendant City of Galesburg is a governmental entity located in Knox County, Illinois.

1

6. Defendant, David W. Jones ("Jones") is, and at all times material herein the Human Resources and Risk Management for the City of Galesburg and is sued in his individual and official capacity.

7. Plaintiff, an African-American female, was at all times material herein employed as a Secretary I, Level 9, clerical within the Community Development Department, Handi Van Division. She has been employed with the City of Galesburg since March 20, 1996.

8. Defendant City of Galesburg has a population of 32,195, residents, and of that population 3698 or eleven percent (11%) identify as black or African-American as of the 2013 census. City government employs approximately 237 employees and of that population only two (2) employees who identify as black or African-American, or less than one percent (1%). The black or African-American employees of the City of Galesburg reflects a significant under utilization of a protected class (African-American) while favoring Caucasian employees in violation of state and federal laws.

9. On a specific but unknown date July, 2012, defendant Jones, a Caucasian male, became employed by the City of Galesburg as the Human Resources and Risk Manager for the City.

10. At the time of his employment there were two female employees with the first name of "Lisa", one of which was the plaintiff. Jones told a coworker of plaintiff's since there were two (2) Lisa's within the city government, he would distinguish between the two by referring to plaintiff as "the black Lisa". Jones never referred to the other Lisa as a Caucasian, or designated her race or skin color as an identifier.

11. In February/March, 2014, plaintiff was forced to take a drug test by defendant City of Galesburg by and through its agent defendant Jones under the false pretense that (a) she was

2

classified as a dispatcher and (b) that the drug test requirement was policy for all full and ~~part time~~ time E-911 dispatchers.

12. Plaintiff was not classified as a dispatcher, and similarly situated non-African-Americans working as secretary I were not required to be drug screened. Moreover, non-African-American employees performing in the capacity of dispatcher were not required to participate in the drug screen.

13. On or after the date the results of the drug screen was delivered to the City of Galesburg defendant Jones delivered the results to, and discussed the results of the test with a coworker of plaintiff. Jones also asked plaintiff's supervisor if she thought plaintiff would pass the test. Jones also told another of plaintiff's coworkers that the way to eliminate employees that were undesirable was to have them drug screened.

14. Plaintiff was subjected to the different terms and conditions of employment because of her race, which is black.

15. Plaintiff has experienced emotional distress because of defendants' conduct.

16. The conduct of defendant City of Galesburg and defendant David W. Jones was deliberate and intentional and reflects an evil motive or reckless indifference to plaintiff's rights, feelings, and entitlement to employment without discrimination because of her race and color.

### COUNT I

17. Plaintiff adopts by reference the statements contained in paragraphs 1 through 16.

18. Defendants conduct violated 42 U.S.C. Section 1981.

### COUNT II

19. Plaintiff adopts by reference the statements contained in paragraphs 1 through 16.

3

20. Defendants conduct was taken under color of state law and operated to deprive plaintiff of her federal rights.

21. Defendants' conduct violated 42 U.S.C. Section 1983.

WHEREFORE, plaintiff seeks damages against defendants, for punitive damages against defendant David W. Jones in such an amount as is fair and reasonable, for her cost herein occurred, for attorney's fees and for such other and further relief as the Court deems proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated in Peoria, Illinois this 1st day of February, 2016.

        Respectfully submitted,
        LISA R. WILSON, Plaintiff

        s/: DONALD R. JACKSON
        DONALD R. JACKSON, 1309560
        Jackson Thomas LLP
        456 Fulton Street, Suite 218
        Peoria, Illinois 61602
        Telephone: (309) 637-1010
        Facsimile: (309) 637-1106
        E-mail Djack30838@sbcglobal.net