IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LISA R. WILSON,<br>      Plaintiff,<br><br>v.<br><br>DAVID W. JONES, Human Resource<br>and Risk Management Director for<br>the City of Galesburg, Individually,<br>      Defendant. | Case No. 4:16-cv-04025-SLD-JEH |

**Report and Recommendation**

Now before the Court is the Plaintiff's Petition for Leave to File Amended Complaint (Doc. 30) and the Defendant's Response thereto (Doc. 32).  For the reasons stated herein, the Court recommends that the Plaintiff's Petition be denied.

**I**

On February 2, 2016, Plaintiff Lisa R. Wilson filed a Complaint against the City of Galesburg and David W. Jones in his individual and official capacities alleging that the Defendants' conduct violated 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  On March 28, 2016, the Defendants Filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6) arguing, in relevant part, that: the Plaintiff failed to allege a municipal policy or custom sufficient to support her § 1983 claim against the City; the claims against the city under § 1981 must be dismissed because they rise or fall with the § 1983 claim; and the freestanding § 1981 claim against Jones in his individual capacity must be dismissed for the same reasons.  On December 22, 2016, the Court entered an Order (Doc. 10) granting the Defendants' Motion to Dismiss dismissing the claims against the City of

1

Galesburg. That Order also provided that the claims against Defendant Jones, insofar as they were made against him in his "official capacity" were nothing more than claims against the City and subject to dismissal for the same reasons. (Doc. 10 at pg. 7). The City of Galesburg was terminated from the case. (Doc. 10 at pg. 9).

On February 17, 2017, the Court set a discovery schedule which included amended pleadings and amendment to add parties deadlines of March 19, 2017 for the Plaintiff and March 20, 2017 for the Defendant. The discovery deadline was set to January 17, 2018 and the dispositive motion deadline was set to February 17, 2018. On May 12, 2017, Defendant Jones files a Motion to Substitute Counsel (Doc. 19) which was granted by the Court on May 15, 2017. Since February 17, 2017, this case has otherwise proceeded smoothly through discovery as the relatively short, uncomplicated docket would indicate.

On November 15, 2017, the Plaintiff filed her Petition for Leave to File Amended Complaint. In it, the Plaintiff states that since February/March 2017, there has been a substantial change in the circumstances of the parties, to wit: the Defendant's original attorney and his firm withdrew as Defendant's attorney; Attorney Kelly substituted in as Defendant's attorney; Defendant Jones "resigned from his position as Human Resources and Risk Management [sic] at the request of his employer, the City of Galesburg on April 18, 2017"; on January 17, 2017, the City of Galesburg and the City Council of the City of Galesburg adopted and passed a Drug Enforcement Policy which specifically included the Plaintiff's position as a Secretary I in the Handivan Department and required her to be randomly drug tested; the Plaintiff became the only Secretary I working for the City of Galesburg required to be randomly drug tested; on information and belief the policy was drafted by Defendant Jones and approved by the City Manager Todd Thompson who recommended passage by the City Council of the City of

Galesburg; the policy was directed at the Plaintiff because of her race; and the Plaintiff did not become aware that new policy specifically included the position of Secretary I in the Handivan division until she was asked to sign the new drug policy by Defendant Jones after it was adopted by the City Council of Galesburg. The Plaintiff also pointed out that as of the date of her Petition, neither hers nor Defendant Jones's depositions had been taken.

In his Response, Defendant Jones argues that: the Court's dismissal of Galesburg and Jones in his official capacity was with prejudice and an adjudication on the merits pursuant to Rule 41(b) so Wilson's attempt to replead against Galesburg and Jones should be denied; that Wilson's Petition does not meet the requisite "good cause" standard under FEDERAL RULE OF CIVIL PROCEDURE 16; and Wilson's Petition does not even meet the more liberal standard under FEDERAL RULE OF PROCEDURE 15.

## II

The Plaintiff sought leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2). However, the question of whether to allow the Plaintiff to amend her Complaint at this late stage – after the deadline for amendment of pleadings has expired – must be evaluated under FEDERAL RULE OF CIVIL PROCEDURE 16(b). *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'"); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent") (emphasis added); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 689 (N.D. Ill. 2009) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed nearly two months before the plaintiff filed a motion for leave to amend its complaint to add an additional count); *and Winfrey v. Walsh*, NO. 07-CV-2093, 2008 WL 1766600, at *3

(C.D. Ill. Apr. 14, 2008) (applying the Rule 16(b) standard where the parties' deadline to amend the pleadings passed less than one month before the plaintiff filed her motion for leave to amend to plead a medical malpractice case). At this stage of the litigation, the Plaintiff must show "good cause." *Trustmark Ins. Co.*, 424 F.3d at 553. Good cause requires a showing of diligence by the party seeking the amendment. *Id*. The heightened good-cause standard of Rule 16(b)(4) is applied before considering whether the requirements of Rule 15(a)(2) are satisfied. *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011).

      Here, the Plaintiff has not shown good cause in seeking to amend. The deadline to amend the pleadings and add parties passed more than eight months ago. The discovery deadline is just over one month from now and the dispositive motion deadline is just over two months from now. As the Court noted above, the docket in this case is remarkably uncomplicated. Beside the Defendant's May 2017 Motion to Substitute Counsel and the parties' July 2017 discovery dispute (resolved via a Protective Order), there is nothing in the record to indicate that the Plaintiff faced impediments in filing her motion to amend at an earlier time. The Plaintiff's Petition does not enlighten the Court as to how the fact that *defense* counsel was substituted last May supports her request to file an amended complaint.

      Furthermore, the various other "substantial change[s] in the circumstances of the parties" to which the Plaintiff cites are unpersuasive for the reasons set forth by Defendant Jones. First, the Plaintiff was aware of Jones's resignation for six months before she filed her Petition as she has been in possession of his Separation Agreement likely since, at least, June 2017.[1] She delayed nearly six months before

---

[1] The Plaintiff's FOIA request was dated May 23, 2017 for "the Separation Agreement and/or any Severance Agreement entered into between David W. Jones and the City of Galesburg, Illinois entered into on or about April 18, 2017." *See* Dft's Exh. A (Doc. 35).

4

filing her Petition to Amend to include allegations regarding Jones's resignation. Second, by identifying the date on which the City of Galesburg allegedly adopted and passed an amended Drug Enforcement Policy – January 17, 2017 – the Plaintiff reveals that 11 months elapsed between the implementation of this new policy and her Petition to amend in which she seeks to include new allegations about that policy.  The new allegations contained within the proposed amended complaint include that, "On April 11, 2017, plaintiff was notified by her supervisor that Jones had scheduled another drug test for her and that she was to report that day to the OSF Clinic for another drug screen." (Doc. 30-1 at pg. 5).  Yet, the Plaintiff delayed seven months before filing her Petition to amend to include allegations of the new policy and that she was subjected to another drug test at Jones's direction.  Delays of six months, seven months, and 8 months to add allegations of circumstances, some of which changed 11 months prior, simply do not suggest that the Plaintiff was diligent in seeking to amend her Complaint.

Turning to the requirements of Rule 15(a)(2), the Plaintiff still fails to demonstrate that she should be permitted to amend.  Under the Rule 15(a)(2) standard, a court should freely give leave to a party to amend its pleading "when justice so requires."  FED. R. CIV. P. 15(a)(2); *see Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (explaining that under Rule 15(a)(2), leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility).

The length of the Plaintiff's delay, as set forth in detail above, in the context of Rule 15(a)(2) amounts to "undue delay."  Also, to allow the Plaintiff's Petition to amend to reintroduce the City of Galesburg into this case as a defendant would be unduly prejudicial to the City.  It was dismissed from this case nearly a year ago and, as Defendant Jones argues, the City would have to start from the

beginning at this point. Of course, the impact of the Plaintiff's delay, if permitted, would also be felt by Defendant Jones who has otherwise proceeded with this case with the expectation that discovery will come to an end on January 17, 2018.

While Defendant Jones additionally argues that the Plaintiff's proposed amended complaint is futile in light of the previous adjudication on the merits as to claims against the City of Galesburg and Jones in his official capacity, the undersigned does not reach that issue. The Plaintiff's reasons for the delay in seeking to amend her Complaint until the eve of the discovery deadline and the extent of that delay (eight months) are so untenable as to preclude the Court from considering her Petition to amend any further.

### III

For the reasons set forth above, the undersigned recommends that the Plaintiff's Petition for Leave to File Amended Complaint (Doc. 30) be denied in its entirety. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. FED. R. CIV. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on December 6, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE