E-FILED
Monday, 04 February, 2019 10:03:46 AM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow prejudice or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would have given certain testimony.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence.

In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness. In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by Defendant before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case

It is proper for a lawyer to meet with any witness in preparation for trial.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff claims that she was drug tested by Defendant because of her race. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was drug tested by Defendant because of her race. To determine that Plaintiff was drug tested because of her race, you must decide that Defendant would not have drug tested Plaintiff had she been white, but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff must prove by a preponderance of the evidence that Jones was personally responsible for the conduct that Plaintiff complains about. You may not hold Jones liable for what other persons or entities did or did not do.

Plaintiff must prove that her drug test was a "materially adverse employment action." Not everything that makes an employee unhappy is a materially adverse employment action. It must be something more than a minor or trivial inconvenience. For example, a materially adverse employment action exists when someone's pay or benefits are decreased; when her job is changed in a way that significantly reduces her career prospects; or when job conditions are changed in a way that significantly changes her work environment in an unfavorable way. A mandatory drug test may be an actionable adverse employment action if the test is not performed in a routine fashion following the regular and legitimate practices of the employer, but rather is conducted in a manner that harasses or humiliates employees.

Defendant is being sued as an individual. The City of Galesburg is not a party to this lawsuit.

If you find that Plaintiff has proved her claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find the Plaintiff has failed to prove her claim, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proven by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

> The physical and mental/emotional pain and suffering that Plaintiff has experienced and reasonably certain to experience in the future.

No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering.

You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.